UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>TWENTY-FOUR THOUSAND DOLLARS ($24,000) IN UNITED STATES CURRENCY,<br><br>    Defendant. | 02:09-CV-2319-LRH-RJJ<br><br><br>ORDER |

Before the court is Plaintiff United States of America's ("Plaintiff") Motion for Default Judgment, requesting that approximately $24,000 in United States currency ("currency") seized by the Nevada Highway Patrol be forfeited to Plaintiff pursuant to 21 U.S.C. § 881(a)(6) (#14[1]).

**I.   Facts and Procedural History**

On December 8, 2009, Plaintiff filed a verified Complaint for Forfeiture in Rem, alleging that the currency was furnished or was intended to be furnished in exchange for controlled substances, in violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, and therefore, is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6). (#1.)

On December 17, 2009, the court entered an Order for Summons and Warrant of Arrest in

---

[1] Refers to court's docket number.

Rem for the Property and Notice (#3).  Pursuant to a notice of publication entered on February 24, 2010, all persons interested in the Defendant were required to file their claims with the clerk within 60 days of publication on the United States's official internet forfeiture site, www.forfeiture.gov, or within 35 days after actual notice of this action (#11).  The government gave public notice of this forfeiture action from January 23, 2010, through February 21, 2010.  (*Id.*)  No person or entity has filed a claim, answer, or responsive pleading within the time permitted by 18 U.S.C. § 983(a)(4) and Federal Rules of Civil Procedure G(4)(b) and (5).  (Mot. Default J. ¶ 18.)

On February 2, 2010, Plaintiff filed a Request for Entry of Default (#7) which was entered by the clerk on February 4, 2010 (#8). Subsequently, on April 16, 2010, Plaintiff filed an Amended Request for Entry of Default (#12) which was again entered by the clerk on April 19, 2010 (#13).  Thereafter, Plaintiff filed the present Motion for Default Judgment of Forfeiture (#14).

**II.     Legal Standard**

Obtaining a default judgment is a two-step process governed by Federal Rule of Civil Procedure 55.  *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986).  First, Rule 55(a) provides, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Second, after the clerk enters default, a party must seek entry of default judgment under Rule 55(b).

Upon entry of default, the court takes the factual allegations in the Plaintiff's complaint as true.  Nonetheless, while entry of default by the clerk is a prerequisite to an entry of default judgment, "a plaintiff who obtains an entry of default is not entitled to default judgment as a matter of right."  *Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1071 (C.D. Cal. 2004) (citation omitted).  Instead, the entry of a default judgment is in the court's discretion.  *Id.* (citations omitted).

Generally, courts consider civil forfeiture actions as "harsh and oppressive."  *States*

*v. $191,910.00 in U.S. Currency*, 16 F.3d 1051, 1069 (9th Cir. 1994).  The Ninth Circuit is "particularly wary of civil forfeiture statutes" because they impose "quasi-criminal" penalties but do not provide property owners with the degree of procedural protection provided to criminal defendants.  *Id.* at 1068.  Accordingly, strict adherence to procedural rules is paramount in civil forfeiture proceedings.  *United States v. Marolf*, 173 F.3d 1213, 1217 (9th Cir. 1999) (denying forfeiture where the government did not provide due notice to a property owner).

In the present matter, the clerk entered default against the Defendant.  Therefore, the factual allegations in Plaintiff's complaint are assumed to be true, and the court is vested with the authority to enter default judgment.  Two overlapping inquiries guide the court's decision on whether to grant the motion for default judgment.  First, the court considers Plaintiff's claims in light of the *Eitel* factors set forth by the Ninth Circuit.  *Eitel* 782 F.2d at 1471-72.  Second, the court determines whether Plaintiff has satisfied the procedural requirements governing forfeiture actions.

**A. Eitel Factors**

The Ninth Circuit has identified the following factors as relevant to the exercise of the court's discretion in determining whether to grant default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to the excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  *Id.*  The court will consider these factors below.

**1. Prejudice**

The first *Eitel* factor considers whether the plaintiff will suffer prejudice if default judgment is not entered.  *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).  Plaintiff gave public notice of this forfeiture action on the United States's official internet forfeiture site from January 23, 2010, through February 21, 2010.  No person or entity has

1  filed a claim, answer, or responsive pleading contesting the forfeiture. Due to the likelihood that
2  there will continue to be no claimants, the possibility of prejudice to Plaintiff in the absence of
3  default judgment is great. Thus, this factor weighs in favor of entering default judgment.

4  **2. Merits of Plaintiff's Substantive Claims and Sufficiency of the Complaint**

5  The second and third *Eitel* factors favor default judgment where the complaint
6  sufficiently states a claim for relief under the "liberal pleading standards embodied in Rule 8" of
7  the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 8; *Danning v. Lavine*, 572 F.2d 1386,
8  1389 (9th Cir. 1978). Here, the Plaintiff alleges the currency was "furnished or was intended to be
9  furnished in exchange for controlled substances . . . [and was] traceable to exchanges of controlled
10 substances in violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801 *et seq*., and is
11 subject to forfeiture to the [Plaintiff] pursuant to 21 U.S.C. § 881(a)(6)." (Compl. ¶ 28, 30.)

12 Plaintiff's complaint states plausible claims for relief under Rule 8, and Plaintiff has
13 provided sufficient evidence supporting its claims. Because the allegations in the complaint
14 and the evidence Plaintiff has submitted indicate a strong likelihood that Plaintiff will be successful
15 on the merits, the second and third *Eitel* factors favor entering a default judgment.

16 **3. Sum of Money at Stake**

17 Under the fourth *Eitel* factor, the court considers "the amount of money at stake in
18 relation to the seriousness of Defendants' conduct." *PepsiCo*, 239 F. Supp. 2d at 1176. Plaintiff
19 has provided evidence that the currency, a sum of $24,000, was furnished or intended to be
20 furnished in exchange for marijuana, a serious violation of federal law.

21 **4. Possible Dispute**

22 The fifth *Eitel* factor considers the possibility of dispute as to any material facts in the
23 case. *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. Here, given the sufficiency of the complaint (#1),
24 "no genuine dispute of material facts would prejudice granting [Plaintiff's] motion." *See id.*
25 \\\
26

4

### 5. Excusable Neglect

The sixth *Eitel* factor considers the possibility that the default resulted from excusable neglect. The evidence shows that Plaintiff gave public notice on the United States's official forfeiture site, pursuant to the Supplemental Rules C(4). *See* Fed. R. Civ. P. C(4). Therefore, it is unlikely the lack of claimants and subsequent default resulted from excusable neglect.

### 6. Decision on the Merits

The seventh *Eitel* factor considers that "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. However, the "mere existence of [Rule 55(b)] indicates that this 'preference, standing alone, is not dispositive.'" *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177 (citation omitted). Moreover, when there is no response to a plaintiff's complaint, a decision on the merits is impractical, if not impossible. *Id.* Thus, the court finds that all *Eitel* factors favor entering default judgment.

## B. Procedural Requirements

Given the court's finding that entry of default judgment is appropriate under *Eitel*, the court must next determine whether Plaintiff has also satisfied the procedural requirements that govern civil forfeiture actions.

The Supplemental Rules for Certain Admiralty and Maritime Claims ("Supplemental Rules") govern judicial forfeitures of property. *United States v. 5145 N. Golden State Blvd.*, 135 F.3d 1312, 1315 (9th Cir. 1998). Pursuant to the Supplemental Rules, the United States initiates forfeiture proceedings by filing a complaint. Fed. R. Civ. P. C(2), G(2). Under both Rules C(2) and G(2), the complaint must be verified and describe the property at issue with reasonable particularity. *See id.* Rule G(2) also requires that the complaint include sufficient factual allegations to support a "reasonable belief" the United States will be able to meet its burden at trial. Fed R. Civ. P. G(2)(f).

Further, if the property is located in the United States, the plaintiff must publish notice of

the forfeiture action either in a newspaper of general circulation in the district, or by posting a notice on a government forfeiture website for 30 consecutive days.  FED. R. CIV. P. C(4), G(4)(iv)(A).  This notice must include the time available for filing a claim.  FED R. CIV. P. G(4)(b)(ii)(B).

Here, Plaintiff filed a verified complaint that describes the property subject to forfeiture, the specific forfeiture statute at issue and facts supporting forfeiture.  In addition, Plaintiff posted notice on the United States's official internet forfeiture site for 30 days, providing the time available to file a claim.  Therefore, Plaintiff has satisfied the procedural requirements for entry of default judgment.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Default Judgment of Forfeiture (#14) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of the Court shall certify, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the seizure or arrest of the currency.

IT IS SO ORDERED.

DATED this 1st day of July, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE