DANIEL G. BOGDEN
United States Attorney
Nevada Bar No. 2137
MICHAEL A. HUMPHREYS
Assistant United States Attorney
Lloyd D. George United States Courthouse
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
Telephone: (702) 388-6336
Facsimile: (702) 388-6787
E-mail: Michael.Humphreys@usdoj.gov
Counsel for the United States of America

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TWENTY-FOUR THOUSAND DOLLARS ) <br> ($24,000.00) IN UNITED STATES CURRENCY, ) <br> ) <br> Defendant. ) | 2:09-CV-2319-LRH (RJJ) |

DEFAULT JUDGMENT OF FORFEITURE

The United States filed a verified Complaint for Forfeiture in Rem on December 8, 2009. Docket #1. The Complaint (#1) alleges the defendant property:

    a.    was furnished or was intended to be furnished in exchange for controlled substances in violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801 *et seq*., and is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6);

. . .

. . .

    b.  is proceeds traceable to exchanges of controlled substances in violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, and is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6); and

    c.  was used or was intended to be used to facilitate violations of Title II of the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, and is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

It appearing that process was fully issued in this action and returned according to law;

On December 17, 2009, the Court entered an Order for Summons and Warrant of Arrest in Rem for the Property and Notice, and the Clerk issued the Summons and Warrant of Arrest in Rem for the Property. #3, #4.

Pursuant to the Order (#3), the Complaint (#1), the Order (#3), the Summons and Warrant of Arrest in Rem for the Property (#4), and the Notice of Complaint for Forfeiture (#6, p. 4-5) were served on the defendant property, and the Notice of Forfeiture Action was published according to law (#11). All persons interested in the defendant property were required to file their claims with the Clerk of the Court no later than 60 days after the first day of publication on the United States's official internet forfeiture site, www.forfeiture.gov, or within 35 days of the actual notice of this action, as applicable, followed by the filing of an answer to the Complaint within 21 days after the filing of their respective claims. #1, #3, #4, #6, p. 4-5, #11.

Public notice of the forfeiture action was given to all person and entities on the official government internet forfeiture site, www.forfeiture.gov, from January 23, 2010 through February 21, 2010. #11.

On December 28, 2009, the United States Marshals Service served the Complaint, the Summons and Warrant of Arrest in Rem for the Property, the Order, and the Notice of Complaint for Forfeiture on Pedro Estrada by regular mail. #5, p. 5, 12-27.

. . .

. . .

On December 28, 2009, the United States Marshals Service served the Complaint, the Summons and Warrant of Arrest in Rem for the Property, the Order, and the Notice of Complaint for Forfeiture on Pedro Estrada by certified return receipt mail. #5, p. 5-7, 12-27.

On December 28, 2009, the United States Marshals Service served the Complaint, the Summons and Warrant of Arrest in Rem for the Property, the Order, and the Notice of Complaint for Forfeiture on Thomas Anderson, III on behalf of Pedro Estrada by regular mail. #5, p. 9, 12-27.

On December 28, 2009, the United States Marshals Service served the Complaint, the Summons and Warrant of Arrest in Rem for the Property, the Order, and the Notice of Complaint for Forfeiture on Thomas Anderson, III on behalf of Pedro Estrada by certified return receipt mail. #5, p. 9-27.

On December 28, 2009, the United States Marshals Service served the Complaint, the Summons and Warrant of Arrest in Rem for the Property, the Order, and the Notice of Complaint for Forfeiture on Meredith May Morgan by regular mail. #5, p. 3, 12-27.

On December 29, 2009, the United States Marshals Service served the Complaint, the Summons and Warrant of Arrest in Rem for the Property, the Order, and the Notice of Complaint for Forfeiture by executing them on the defendant property. #6.

On February 2, 2010, the United States filed a Request for Entry of Default, Declaration in Support of Request for Entry of Default, and Proposed Default against the defendant property, Pedro Estrada, and Meredith May Morgan. #7.

On February 4, 2010, the Clerk entered the Default against the defendant property, Pedro Estrada, and Meredith May Morgan. #8

On February 4, 2010, the United States filed a Motion for Default Judgment of Forfeiture and Proposed Default Judgment of Forfeiture against the defendant property, Pedro Estrada, and Meredith Morgan. #9.

On February 5, 2010, this Court entered the Default Judgment of Forfeiture against the defendant property, Pedro Estrada, and Meredith Morgan. #10.

On February 24, 2010, the United States filed the Notice of Filing Proof of Publication. #11.

Pedro Estrada is not in the military service within the purview of the Servicemen's Civil Relief Act of 2003. #7, exhibit 1.

Meredith May Morgan is not in the military service within the purview of the Servicemen's Civil Relief Act of 2003. #7, exhibit 2.

No other person or entity has filed a claim, answer, or responsive pleading within the time permitted by 18 U.S.C.§ 983(a)(4) and Fed. R. Civ. P. Supp. Rule G(4)(b) and (5).

On April 16, 2010, the United States filed an Amended Request for Entry of Default, an Amended Declaration in Support of Request for Entry of Default, and Proposed Amended Default against the defendant property, Pedro Estrada, Meredith May Morgan, and all other persons or entities who may claim an interest in the defendant property in the above-entitled action. #12.

On April 19, 2010, the Clerk of the Court entered a Default against the defendant property, Pedro Estrada, Meredith May Morgan, and all other persons or entities who may claim an interest in the defendant property in the above-entitled action. #13.

The allegations of the Complaint are sustained by the evidence and are adopted as findings of fact. The Court concludes as a matter of law that the United States is entitled to the relief requested in the Complaint.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Default Judgment of Forfeiture be entered against the defendant property and all persons or entities who claim an interest in the defendant property in the above-entitled action.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that said property be, and the same is hereby forfeited to the United States of America, and no right, title, or interest in the property shall exist in any other party.

. . .

. . .

. . .

IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the seizure or arrest of the defendant property.

LANCE S. WILSON  
CLERK  
*Lance S. Wilson*  
(By) DEPUTY CLERK

7/2/10  
DATE

5